UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAGANDEEP SINGH, et al.,

                Petitioner,

   v.

MARKWAYNE MULLIN, et al.,

                Respondent.

Case No. 2:26-cv-02022-TLF

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

Petitioners Gagandeep Singh and Anmolpreet Kaur filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioners are currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

The petition asks the Court to (1) declare that respondents violated petitioners' rights under the Due Process Clause of the Fifth Amendment; (2) issue a writ of habeas corpus ordering the respondents to release petitioners immediately or, alternatively, order an individual bond hearing before an Immigration Judge within seven (7) days at which respondents bear the burden of proving by clear and convincing evidence that petitioners pose either a flight risk or a danger to the community and that no less restrictive alternatives to detention would reasonably mitigate those risks; and (3) award reasonable attorney fees and costs.

The Court **GRANTS** the petition as follows.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

**BACKGROUND**

Petitioners Gagandeep Singh and Anmolpreet Kaur are natives and citizens of India, who entered the United States on December 16, 2024, near New York, New York, without inspection, admission, or parole by an immigration officer. Dkt. 8 (Ouk Decl.) ¶ 4; Dkt. 7 (Arias Decl.) at ¶ 4; Dkt. 9 (Wong Decl.) at Exs. 2, 3 (Forms I-213 for Gagandeep Singh and Anmolpreet Kaur). On February 1, 2025, petitioners filed applications for asylum and withholding of removal with the United States Citizenship and Immigration Services ("USCIS") which remain pending. Dkt 8 (Ouk Decl.) at ¶ 5; Dkt. 7 (Arias Decl.) at ¶ 4; Dkt. 1 at 2 (verified petition). Petitioners obtained employment authorization, secured lawful employment, and established a residence. Dkt. 1 at 2 (verified petition); Dkt. 9 (Wong Decl.) at Exs. 2, 3.

Respondents submit the declarations of Deportation Officers Ouk and Arias who state that on May 18, 2026, ICE Enforcement and Removal Operations ("ERO") "became aware" that petitioners were living and working at a hotel in Ponderay, Idaho. Dkt. 8 (Ouk Decl.) at ¶ 5; Dkt. 7 (Arias Decl.) at ¶ 5. Deportation Officers Ouk and Arias assert that petitioners violated 8 U.S.C. § 1306(b) because they previously filed an application for relief with USCIS but failed to notify USCIS within 10 days of relocating within the United States, as required by the Alien Registration Act. *Id.*

On May 25, 2026, petitioners were arrested and served a Notice to Appear ("NTA") alleging, in part, that petitioner was removable from the United States pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and placing them in removal proceedings. Dkt. 8 (Ouk Decl.) at ¶ 6; Dkt. 7 (Arias Decl.) at ¶ 6; Dkt. 9 (Wong Decl.) at Exs. 1, 4 (NTAs). On the same day,

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

petitioners were transported to the Northwest ICE Processing Center ("NWIPC"). Dkt. 8 (Ouk Decl. ) at ¶ 6; Dkt. 7 (Arias Decl.) at ¶ 6.

Petitioners have appeared for master hearings before an IJ on June 1, 2026, and June 15, 2026, and were scheduled for a master calendar hearing on July 7, 2026. Dkt. 8 (Ouk Decl. ) at ¶ 7; Dkt. 7 (Arias Decl.) at ¶ 7.

**A.      Statutory Basis for Detention**

Respondents argue relief should be denied because petitioners are mandatorily detained under 8 U.S.C. § 1225. Dkt. 6. Petitioners argue that the Court need not resolve whether petitioners are subject to mandatory detention under 8 U.S.C. § 1225 or discretionary detention under 8 U.S.C. § 1226 because, in either case, petitioners' detention violated Due Process, requiring their release. Dkt. 10 at 2.

The Court notes that the record reflects that petitioners are subject to discretionary detention under 8 U.S.C. § 1226(a), as petitioners are noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered the United States without inspection, (2) were not apprehended upon arrival, (3) and are not or will not be subject to detention under 8 U.S.C. §1226(c), § 1225(b)(1), or § 1231

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

at the time the they are scheduled for or request a bond hearing. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025).[1] [2]

But regardless of the statutory basis of petitioner's detention, the Due Process Clause may provide procedural protections not found in the statue. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, No. 25-cv-1192-KKE, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. Aug. 19, 2025)) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'"). And here, as discussed below, petitioners' detention violated Due Process requiring their release.

---

[1] On September 30, 2025, the Court in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025) granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

[2] The respondents' brief also references *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) in support of their argument that petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 6 at 5-6. But other circuits have reached the opposite conclusion. *See Barbosa da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, Nos. 25-1965, 25-1969, 25-1978, 25-1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The decisions of the Fifth and Eighth Circuits are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

**B.    Due Process**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " U.S. Const. amend. V. This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Here, petitioners argue their detention violates the Due Process Clause under the factors created by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See generally* Dkt. 1. To assess petitioners' arguments, the Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24, in weighing the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

1.    Private Interest

As to the first factor, petitioners' interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The Court rejects the notion that petitioners' weighty liberty interest in not being detained is greatly diminished solely because they are noncitizens in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). Petitioners were arrested outside their place of employment and have been detained for weeks; this clearly deprives them of a constitutionally protected liberty interest. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]").

If the government is aware of a noncitizen's presence in the country without legal status and "acquiesce[es]" in their continued liberty, "reliance on [their] freedom create[s] a constitutionally protected liberty interest that cannot be extinguished without due process." *A.B.J.C. v. Hermosillo*, No. 2:26-CV-00185-JNW, 2026 WL 497097, at *3 (W.D. Wash. Feb. 23, 2026) (Granting habeas petitioner's release and finding, under *Mathews*, that where the government released petitioner on an OREC in 2020, affirmatively moved to dismiss his removal proceedings in 2022, and acquiesced in his freedom for six years, petitioner's reliance on his freedom created a constitutionally protect liberty interest requiring due process consisting of pre-deprivation notice and a hearing before a neutral decisionmaker); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) (Granting habeas petitioner's motion for temporary restraining order and directing release where petitioner entered the United States on a nonimmigrant visa and subsequently applied for asylum such that immigration officials were aware of the petitioner's presence, initially approved of

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

that presence, and when the status expired, did not promptly detain the petitioner based on that expiration of status. The Court reasoned petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."); *Kalkan v. Chestnut*, No. 1:26-CV-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026); *Carriollo v. Albarran*, No. 3:26-CV-05836-JSC, 2026 WL 1734895, at *2 (N.D. Cal. June 16, 2026) (Granting habeas petitioner's motion for preliminary injunction and directing petitioner's release where petitioner entered on a visa, applied for asylum and the government did not detain petitioner for several years after the visa expired, reasoning "[t]hat the government has not sought to detain Petitioner over the past six years while his immigration applications have been pending reflects a determination by the government that he was neither a flight risk nor a danger to the community, and Petitioner has a strong interest in remaining at liberty unless he no longer meets those criteria."); *Vazquez v. Mullin*, No. C26-2039-KKE, 2026 WL 1911507 (W.D. Wash. July 2, 2026) (granting habeas petition and directing release under Mathews analysis where petitioner's visa expired and the government did not detain petitioner for over five years thereafter).

Thus, having made the decision not to detain petitioners for over a year while petitioners' asylum applications were pending, petitioners have a strong interest in remaining at liberty. The Court finds this factor weighs in petitioners' favor.

2.  Risk of Erroneous Deprivation

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 7

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards. *Mathews*, 424 U.S. at 335.

The Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Yet there "may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 - *12 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1031-1032, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

If a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance. *See, e.g.*, *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988, at *9 (D. Mass. Aug. 14, 2025) (granting habeas relief and immediate release where government presented no evidence that "a change in circumstances" supported its decision to revoke the IJ's bond order); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (citing *Sugay* and noting government counsel's representation that "DHS has incorporated [*Sugay*'s] holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8

immigration judge and where the previous release decision was made by a DHS officer"), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

Here, petitioners were not provided with adequate notice of the allegations or an opportunity to respond prior to, during, or immediately after their arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioners' detention. There was no assessment of petitioners' flight risk or dangerousness to the community either prior to, during, or after their detention. Petitioners assert, and the respondents do not dispute, that they have no criminal history, that they have applied for asylum, been granted employment authorization and worked legally, and the only ground given for their detention was the alleged failure to update their address within 10 days of relocating within the United States.

The respondents provide the declarations of Deportation Officers Ouk and Arias who state, in conclusory fashion, that petitioners were detained because they violated 8 U.S.C. § 1306(b) by failing to update their address with USCIS within 10 days of relocating within the United States. Dks. 7, 8. Respondents provide no evidence of when, or from where, petitioners allegedly relocated. Furthermore, 8 U.S.C.A. § 1306(b) provides:

> Any alien or any parent or legal guardian in the United States of any alien who fails to give written notice to the Attorney General, as required by section 1305[3] of this title, shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not to exceed $200 or be imprisoned not more than thirty days, or both. Irrespective of whether an alien is convicted and punished as herein provided,

[3] 8 U.S.C. § 1305(a) provides: "Each alien required to be registered under this subchapter who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish with such notice such additional information as the Attorney General may require by regulation."

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 9

any alien who fails to give written notice to the Attorney General, as required by section 1305 of this title, shall be taken into custody and removed in the manner provided by part IV of this subchapter, ***unless such alien establishes to the satisfaction of the Attorney General that such failure was reasonably excusable or was not willful***.

8 U.S.C.A. § 1306(b) (emphasis added). Thus, assuming 8 U.S.C.A. § 1306(b) applies, here, there is no evidence that any consideration was given to whether petitioners' failure to update their address was reasonably excusable or not willful; no hearing was conducted prior to petitioners' detention, nor has one been conducted at any point thereafter.

Petitioners' alleged failure to update their address on its own as the sole violation of a condition of release is the type of circumstance that requires a pre-deprivation hearing. *See Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2026 WL 251798, at *2, 5 (W.D. Wash. Jan. 30, 2026) (finding petitioner faced a high risk of erroneous deprivation where the government detained him for alleged failures to report address changes without providing him with clear notice of the basis for re-detention and a meaningful opportunity to be heard before the deprivation); *Dieng v. Mullin*, No. 26-cv-01336-TLF, 2026 WL 1469601 (W.D. Wash. May 26, 2026) (same); *Rana v. Bondi*, No. 2:26-CV-00268-DGE, 2026 WL 445049, at *4 (W.D. Wash. Feb. 17, 2026) (same).

The Court finds, under the circumstances, the risk of erroneous deprivation is high.

Thus, the Court finds the second *Mathews* factor favors petitioners.

3.  The Government's Interest

The third and final *Mathews* factor also weighs in both petitioners' favors. *Mathews*, 424 U.S. at 335. Respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 10

963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court accordingly finds petitioners have a protected liberty interest in their continuing release from custody and all the *Mathews* factors weigh their favor. Petitioners' detention violated due process.

The Court also finds a post-deprivation bond hearing is an inadequate procedural safeguard for both petitioners because it would occur only after detention and, under the circumstances, fails to address an erroneous deprivation of liberty at a meaningful time. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025)) ("'Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.'"); *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ."); *see Kumar*, 2026 WL 251798, at *2, 5 (finding petitioner faced a high risk of erroneous deprivation where the Government detained him for alleged failures to report address changes without providing him with clear notice of the basis for re-detention and a meaningful opportunity to be heard before the deprivation).

**CONCLUSION**

For the reasons stated above, the petition for writ of habeas corpus (Dkt. 1) is GRANTED, and the Court ORDERS as follows:

(1) The Court finds that petitioners are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b).

(2)  The respondents shall release petitioners from custody within 24 hours of the filing of this Order.

(3) No later than 48 hours after petitioners' release the respondents must file with the Court a declaration confirming the date and time petitioners have been released from custody.

(4) The Court will entertain any appropriate post-judgment motion for attorney's fees.

Dated this 14th day of July, 2026.

_Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 12